**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Elbert L. JOHNSON, a/k/a Johnny**
**Johnson, Defendant/Appellant.**

No. 89–7045.

United States Court of Appeals,
Tenth Circuit.

July 27, 1990.

---

James G. Wilcoxen, Wilcoxen & Wilcoxen, Muskogee, Okl., for defendant-appellant Elbert L. Johnson, a/k/a Johnny Johnson.

William J. Andersen, Muskogee, Okl. (Roger Hilfiger, U.S. Atty., with him, on the brief), for plaintiff-appellee U.S.

Before LOGAN and BALDOCK, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

■ A pig farmer convicted of tax evasion in violation of 26 U.S.C. § 7201 for the years 1984, 1985, and 1986,[1] and for the lesser included offense of failure to file a return or to pay tax for the year 1987 (in violation of 26 U.S.C. § 7203),[2] contends on this appeal that the District Court[3] abused its discretion by failing to postpone defendant's trial until a case involving his daughter had been disposed of, so that she could testify (without invoking her Fifth Amendment privilege) that she kept all of her father's records and took certain records to his attorney, Mike Clark[4] to have Clark's accountant prepare defendant's tax returns, that "she picked up her father's returns when they were completed, she signed them and filed them [and her] father never saw the completed returns before they were filed because he was incarcerated pursuant to another conviction."[5] We affirm.

■ Denial of a continuance sought in advance of trial is reviewable only under

---

* The Honorable Edward Dumbauld, Senior United States District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. Counts 1–3 of the Indictment covered those years. The returns purported to be signed on November 23, 1987, and filed with the IRS on March 14, 1988.

2. This conviction involving the year 1987 was under Count 4 of the Indictment. Appellant was found not guilty of evasion under this count, but guilty of the lesser included offense, a misdemeanor.

3. The Honorable Frank H. Seay of the Eastern District of Oklahoma.

4. Clark later resigned from the bar after pleading guilty to tax and racketeering charges. Appellant's brief, 9. Appellant had a pig farm near the Mexican border and his trucks may have been used hauling marijuana. *Ibid.,* 4–5. Appellant handled large amounts of cash. *Ibid.,* 5–8.

5. Appellant's brief, 12–13. Appellant also contends it was error to deny an instruction about reliance on advice of counsel, and to permit the word "felony" to remain [correctly] in the instruction regarding the offense of evasion described in Count 4, with no explanation that the lesser included offense was a misdemeanor. *Ibid.,* 19. Appellant concedes (*ibid.*) that "The jury does not assess punishment but only passes

the standard of arbitrary abuse of discretion, upon a showing of manifest injustice. *U.S. v. Bradshaw*, 787 F.2d 1385, 1392 (10th Cir.1986); *U.S. v. Gonzales–Palma*, 645 F.2d 844, 846 (10th Cir.1981). Factors to be considered are set forth in *U.S. v. West*, 828 F.2d 1468, 1470 (10th Cir.1987).

That postponement until after disposition of appellant's daughter's case (which actually did not occur until June, 1989, and would have meant a ten weeks' delay in reaching appellant's case) would have benefitted appellant is purely a matter of speculation. In the absence of some showing that no fear of other possible criminal charges against her might induce her to persist in a policy of silence, she might still have refused to testify.

But it is obvious that her testimony would have had no possible effect on the case against appellant. Appellant was making no contention "that he did not cause his returns to be filed."[6] If failure to examine and personally sign a tax return were a defense when income is understated or deductions improperly claimed, the national deficit would soon be much greater than it is now. The testimony of appellant's daughter would in no way have been helpful to his cause. There was no abuse of discretion in denying the postponement of his trial which appellant sought. There was abundant evidence from a multitude of witnesses proving appellant's guilt of the offenses of which he was convicted.

Similarly, the state of the evidence at the trial provided no basis upon which appellant could properly be granted an instruction about good faith reliance on advice of counsel as a defense to his violations of the tax laws.

Even flimsier is appellant's third contention, about the word "felony" appearing in the instruction about the offense of evasion charged in Count 4.

■ At appellant's request, the word "misdemeanor" was eliminated from the instruction regarding the lesser included offense before the instruction was read to the Jury by the Court,[7] but for some reason appellant did not make a timely objection to the word "felony" appearing in the description of the offense of evasion. Later as an afterthought, after the charge had been given, he objected to the word.[8]

The charge as given was a correct statement of the law, and it would have been otiose and burdensome for the court to repeat an intricate instruction on tax law at that late date. Moreover, the instruction as given was favorable to defendant in any event, as it clearly stated that if the jury finds the defendant not

> guilty of the *felony* offense of attempting to evade or defeat a tax, you must then determine if the defendant is guilty or not guilty of a *lesser*-included offense of willful failure to file a return or pay a tax. [Italics supplied.][9]

So under whatever name or legal term the jury did not know or use when finding appellant guilty under Count 4, they knew it was a *lesser* offense than the *felony* of evasion of which they did not convict him. Even without acquaintance with applicable legal terminology, they had no difficulty in accepting the commonsense idea that filing a false return was more serious than the *lesser* offense of simply filing no return at all for a particular year. Appellant received the benefit of this distinction. The District Court committed no error (or in any event a perfectly harmless error) in refusing to waste time repeating a correct instruction to which appellant had made no timely objection.

Accordingly, the judgment of the District Court is

AFFIRMED.

---

on the issue of guilt or innocence." [Hence that failure to explain, if error, was obviously harmless.]

**6.** Appellant's brief, 15.

**7.** Transcript, 5: 549–50.

**8.** *Ibid.*, 600.

**9.** *Ibid.*, 589.