**Allen HAMPEL, Plaintiff,**

v.

**The CITY AND COUNTY OF DENVER, et al., Defendants.**

**Civ. A. No. 92–K–746.**

United States District Court, D. Colorado.

Dec. 27, 1994.

Paul A. Baca, Denver, CO, for plaintiff.

Daniel E. Muse, John W. Wortham, City Atty's Office, Denver, CO, for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW REGARDING DAMAGES, COURT COSTS AND ATTORNEY FEES AND ORDER FOR ENTRY OF JUDGMENT

KANE, Senior District Judge.

The issues of liability were previously tried to the court in this case and a memorandum opinion issued on September 26, 1994. The case was set over for trial to court on the issues of damages, attorney fees and court costs on December 12, 1994.

The plaintiff and his counsel, Paul A. Baca, Esq., testified. No other witnesses were called and the defendants presented no direct evidence. Admitted into evidence were Plaintiff's Exhibits 1–D and 3–D through 12–D, inclusive. The parties made certain stipulations accepted by the court concerning out-of-pocket medical expenses. From the foregoing and after listening to the arguments of counsel and reviewing the briefs on file, I make the following findings of fact and conclusions of law.

I.

Attorney Fees

This case was exceedingly difficult for all parties involved. The facts giving rise to the litigation occurred in a politically infused atmosphere during the period when Wellington Webb, now mayor of Denver, was the city's auditor and shortly thereafter when Robert Crider succeeded him as auditor. One would have to be unduly averse to practicality not to recognize that the very nature of the offices of mayor and auditor in the City and County of Denver have traditionally put the incumbents at odds. As demonstrated by Mayor Webb and others, it is not at all unusual for the auditor to aspire to the office of mayor and to campaign for that office in the next ensuing election. Such apparently is the case once more. I make these observations now because they relate quite directly to my determination of reasonable attorney fees and my decision herein to award an enhancement of fees as authorized by law though I must say that I have never awarded such an enhancement in any other case.

The case is further complicated because the discrimination suffered by the plaintiff, a Jew, was perpetrated by a member of another protected group, an Hispanic. Moreover, while I am firmly convinced that the actions taken against the plaintiff would not have occurred but for the invidious animus of the plaintiff's immediate supervisor, I do not believe for a second that either the mayor or the auditor was or is anti-Semitic or otherwise motivated by illicit discriminatory concerns of race, religion, sex, age or national origin. Such, however, is scant consolation to the plaintiff who was the victim of discriminatory treatment and the fact remains that with all of its agencies and departments, the defendant City and County of Denver failed to take appropriate corrective action when it was needed. That such appropriate action slipped through the cracks of the bureaucracy or was the result of lassitude is neither mitigating nor exonerating.

Plaintiff's counsel, himself an Hispanic, was required by the foregoing factors and others to undertake an unpopular case against powerful opponents in a somewhat closed community. This may very well have an adverse impact on his economic future. I found and here repeat that this finding is indeed beyond a reasonable doubt that the defendant, Gilbert Gonzales, gave patently incredible testimony at trial; that some witnesses were fearful of testifying and felt intimidated and that a special investigation conducted by the defendant, Byron Haze, suggesting criminal activities and possible prosecutions made the representation of the plaintiff by Mr. Baca all the more difficult.

I find that Mr. Baca, a sole practitioner, was required to devote almost constant attention to this case, taking him away from other cases and responsibilities. It was necessary for him *as the attorney in this case* to breach a stone wall of resistance by attending as counsel hearings of the defendant City and County of Denver's Career Service Authority and contested unemployment compensation hearings conducted by the State of Colorado. The preparation for this case subsumed the administrative proceedings especially because the discriminatory animus and the resistance to the very accusation of it

pervaded those proceedings. I find that full compensation for Mr. Baca's time is appropriate and in accordance with the instruction of *New York Gaslight, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

The defendants suggest that the attorney fee should be reduced because the plaintiff did not prevail on all claims filed. I reject this contention because the other claims were incidental and all of counsel's work pointed toward the relief obtained.

I find that plaintiff's counsel reasonably expended 506.5 hours on this case and that he kept accurate and sufficient records thereof. I find that counsel's requested hourly rate of $210.00 per hour is reasonable in light of his experience, his specialization in the area of civil rights and employment law, awards made in similar cases by other judges in this district and the rates currently charged by other attorneys of similar or less experience and skill. The lodestar fee therefor is $106,365.00. For the reasons stated above I am awarding an enhancement of $31,909.50 for a total attorney fee of $138,274.50.

## II.

### Plaintiff's Damages

The plaintiff is ordered reinstated to his former position as a Prevailing Wage Investigator with the office of the Auditor for the City and County of Denver. If, however, the parties agree, the plaintiff may be placed in a comparable position in the auditor's office or in some other office, branch, department or agency of the City and County of Denver.

The plaintiff shall receive back pay from the City and County of Denver computed from the day of his discharge, August 13, 1991 to December 15, 1994 in the amount of $111,339.50 plus interest at the rate of 6.03% per annum compounded quarterly which I find to be 90% of the adjusted prime rate. I find this rate most accurately reflects prevailing economic conditions during the backpay period.

The plaintiff shall recover out-of-pocket medical and dental expenses incurred during the backpay period which would otherwise have been received as an employee benefit in the amount of $8,762.50.

Had plaintiff remained employed by the City and County of Denver, the defendant city would have made an employer's contribution to the plaintiff's pension fund in the amount of $11,133.95. The City may replenish the plaintiff's pension account in that amount or pay the same amount directly to plaintiff. Further, the plaintiff shall have his sick leave, accrued vacation time and social security accounts restored and replenished as though he had never been separated from his employment.

The judgment shall also include the sum of $1,441.15 for taxes and lost interest which the plaintiff incurred during his absence from employment with the city by having to make premature withdrawals from his deferred compensation plan with Prudential Insurance Company of America.

I further find the bill of costs submitted by plaintiff on November 2, 1994 in the amount of $2,913.15 for the successful prosecution of this case is reasonable and appropriate and he shall have judgment for these costs in this amount as well.

IT IS ORDERED that the Clerk of this Court shall enter judgment in favor of the plaintiff and against the defendants City and County of Denver, Robert Crider and Gilbert Gonzales in accordance with this order and that interest on this judgment shall accrue hereafter at the rate of 7.22% per annum.