48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AUSTIN FIREWORKS, INC., a Kansas corporation, Plaintiff-Appellant,
v.
T.H.E. INSURANCE COMPANY, a Louisiana corporation, Defendant-Appellee.
 No. 93-3251.
(D.C. No. 90-1341-FGT)
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1995.
 
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 ORDER AND JUDGMENT[1]
 OLIVER SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Austin Fireworks, Inc., (Austin) appeals the decision of the district court holding that a policy of insurance purchased by Austin from defendant T.H.E. Insurance Co. did not provide coverage for the personal injuries suffered by a fireworks shooter which were caused by the detonation of an allegedly defective fireworks shell. Because we determine that the district court correctly interpreted the insurance policy, we affirm.
 
 
 3
 Austin, a wholesaler of class B fireworks, allegedly sold certain fireworks shells to Bartolotta Fireworks Company, Inc. During the course of a fireworks display staged by Bartolotta, Mr. Craig Dehmlow, a Bartolotta employee and fireworks shooter, was injured as a result of the detonation of a fireworks shell. Mr. Dehmlow brought a personal injury action against Austin in the United States District Court for the Northern District of Illinois in which he alleged that Austin sold the shell to Bartolotta and that the shell was defective. Austin, in turn, brought this action seeking a declaration that its policy with defendant covers the Dehmlow claim.
 
 
 4
 The policy at issue provides both general liability and products liability coverage for Austin. The parties agree that Mr. Dehmlow is a "shooter" as that term is used in the fireworks industry, and that his claim is covered by the policy unless it is excluded by the Shooters Endorsement. That endorsement states:
 
 
 5
 This endorsement modifies insurance provided under the following:
 
 COMMERCIAL GENERAL LIABILITY COVERAGE FORM
 
 6
 PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM
 
 
 7
 this policy shall NOT provide coverage of any kind (including but not limited to judgment, costs, defense, cost of defense, etc.) arising out of claims made by shooters and their assistants hired to perform fireworks displays or any other persons assisting or aiding in the display of fireworks whether or not any of the foregoing are employed by the Named Insured.
 
 
 8
 App. Vol. 4 at 755. We agree with the district court that this endorsement excludes Mr. Dehmlow's claim from coverage.
 
 
 9
 "In Kansas, the construction of an insurance policy is a legal determination subject to de novo review." McIntosh v. Scottsdale Ins. Co., 992 F.2d 251, 254 (10th Cir.1993). If there is no dispute as to the facts, the court determines whether the policy provides coverage in the specific situation. Harris v. Richards, 867 P.2d 325, 327 (Kan.1994).
 
 
 10
 In resolving this issue, we must look at the policy as a whole rather than focusing on the endorsement in isolation. See Home Life Ins. Co. v. Clay, 773 P.2d 666, 676 (Kan. Ct.App.) review denied (June 22, 1989). An insurance policy, like any other contract, "which is plain and unambiguous on its face must be enforced according to its own terms." See id. Thus, "[w]hen the language of a contract is clear, courts must enforce the terms as written and not look for meanings that do not appear on the instrument's face." Crescent Oil Co. v. Federated Mut. Ins. Co., No. 71,160, 1995 WL 29722, at * 1 (Kan. Ct.App. Jan. 27, 1995).
 
 
 11
 When dealing with policy endorsements or limitations, we are cautioned that
 
 
 12
 exceptions, limitations, and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms.
 
 
 13
 ....
 
 
 14
 The purpose of an insurer in drafting an insurance policy exclusion does not control the interpretation of the clause when it is clear and unambiguous. In Kansas, courts look to the wording of the policy and apply it as it is clearly written.
 
 
 15
 Id.
 
 
 16
 An ambiguity exists only if, after applying general rules of interpretation to the face of the policy, one is left with a genuine uncertainty as to which of two or more equally plausible meanings is proper. Crescent Oil Co., 1995 WL 29722, at * 1. Courts must avoid creating ambiguity where, by virtue of common sense, none actually exists. Id.
 
 
 17
 The Shooters Endorsement here is clear and unambiguous. It excludes coverage for shooters, whether or not they are employees of Austin. It thus excludes coverage for the Dehmlow claim. Austin's argument that this construction does not comport with the use of the terms "fireworks displays" and "displays of fireworks" in the rest of the policy is unavailing.
 
 
 18
 Initially, we note that Austin's reading would result in the creation of an ambiguity where none actually exists. See id. Austin's argument that the language of the endorsement "applies only to 'fireworks displays' [done] directly by Austin Fireworks or for it by an independent contractor," Appellant's Br. at 19, is simply contrary to the clear terms of the policy and the endorsement as written. Moreover, even if we were to agree that the language of the endorsement is in conflict with general policy language, an "endorsement [ ] prevails over irreconcilable printed provisions of an insurance policy." Lindesmith v. Republic Mut. Fire Ins. Co., 368 P.2d 35, 38 (Kan.1962); see also Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990). We affirm the district court on this issue for substantially the reasons stated by that court in its Memorandum and Order. See App. Vol. 2 at 485-91.
 
 
 19
 Austin also argues that the district court erred in refusing to consider extrinsic evidence. We disagree. The construction of an unambiguous insurance policy is a matter of law for the court. Harris, 867 P.2d at 325. Under Kansas law, courts "look to the wording of the policy and apply it as it is clearly written." Crescent Oil Co., 1995 WL 29722, at * 3 (disapproving of alternative approach "which rejects the common meaning of the terms as a basis for determining whether an instrument is clear and instead immediately considers extrinsic evidence of the parties' intent"). As we have discussed above, the policy and endorsement here are not ambiguous, thus it was not an abuse of discretion for the district court to disregard the extrinsic evidence before it.
 
 
 20
 Austin next challenges the propriety of two procedural rulings made by the magistrate judge and of the district court's denial of its motion to dismiss without prejudice. The magistrate judge denied Austin's motions to reschedule and to amend the complaint. The district court denied Austin's motion to review the magistrate judge's order. We review these rulings for abuse of discretion. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994)(amendment of complaint); cf. United States v. Johnson, 909 F.2d 1440, 1441-42 (10th Cir.1990)(denial of motion for continuance).
 
 
 21
 The district court, in refusing to review the order of the magistrate judge denying Austin's motions to reschedule and to amend the pleadings, noted that the case had been pending for some time and that it did not wish any further delay. App. Vol. 1 at 230. Further, the untimeliness of the motion to amend, coming a mere three months before the trial was scheduled to begin, was a sufficient ground for the district court to deny such motion. See Foman v. Davis, 371 U.S. 178, 182 (1962). The district court's conclusion that "the plaintiff has had sufficient time in which to complete its discovery and file a motion to amend" was not an abuse of discretion.
 
 
 22
 Finally, Austin urges error in the district court's refusal to dismiss the case without prejudice. Again, this matter is committed to the sound discretion of the trial court. Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993). The district court viewed this motion as an attempt to "enable the plaintiff to accomplish by another means what the court has previously disallowed, i.e., amendment of the pleadings." Because the district court did not abuse its discretion in refusing to allow amendment of the pleadings, as discussed above, it similarly did not abuse its discretion in denying the functional equivalent of such an amendment.
 
 
 23
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470