Phillip W. THORNTON, Plaintiff,

v.

Shelia KAPLAN; Joan M. Foster; R. Michael Brown; Virginia Parker; David Skougstad; Larry Lombard; Nancy T. Frontczak; James Fleming; Anne Steinbeck; Aimes C. McGuiness; John Roybal; Harriet Barker; George Brantley and Metropolitan State College of Denver, Defendant.

No. 95–WY–1520–AJ.

United States District Court, D. Colorado.

Dec. 20, 1996.

Paul Anthony Baca, Denver, CO, for Plaintiff.

Gregory A. Eurich, Holland & Hart, LLP, Denver, CO, William J. Higgins, Attorney General's Office, Tort Litigation Section, Denver, CO, Thomas J. Lyons, Cathy H. Greer, Denver, CO, for Defendants.

## ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

ALAN B. JOHNSON, Chief Judge.

The Plaintiff's Petition in Support [of] Plaintiff's Claim for Attorney's Fees, and the defendants' opposition thereto, came before the Court for consideration. The Court, having considered the motion, the response, the submissions filed in support of counsel's application for fees, and being fully advised in the premises, FINDS that the plaintiff's Petition for Attorney's Fees should be GRANTED, as provided below.

Plaintiff seeks an award of attorney's fees in the "lodestar" amount of $127,526.25. He also seeks an enhancement multiplier amount of $31,886.56 (an additional 25%). Plaintiff's attorney's time sheets disclose a total of 542.75 hours were spent working on plaintiff's case, including time spent in trial, billed at $235 per hour. Counsel for plaintiff suggests that a fee enhancement is appropriate because of the undesirability of this case, because of his qualifications and experience in the civil rights area, and because of the favorable results obtained in the case.

The defendants have opposed the plaintiff's fee request. They assert that an appropriate fee award in this case would be for only 350 hours of work, that a reasonable hourly rate would be $150 per hour. They argue that a total fee award in the amount of $52,000 would be appropriate in this case.

### Discussion

Several values are served by an award of attorney's fees for prevailing parties in employment discrimination litigation. The potential for court-awarded attorney's fees serves in some cases as a deterrent to unlawful discrimination and may encourage organizations and individuals to change discriminatory practices in the work place. Litigation in the employment discrimination arena is frequently expensive and beyond the resources of the individual employee, who may be pitted against a better financed employer or even a public entity. Counsel recognizing the financial disadvantage may be reluctant to accept discrimination litigation and the

injured plaintiff may be reluctant to proceed to challenge unlawful and discriminatory practices. The fee award to prevailing parties attacks both the barriers to this type of litigation and discriminatory practices in the work place. A fee should be awarded in proper cases to encourage individuals injured by discrimination to seek judicial relief. *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 401–402, 88 S.Ct. 964, 965–966, 19 L.Ed.2d 1263 (1968); *Cooper v. Cobe Laboratories, Inc.,* 743 F.Supp. 1422, 1436 (D.Colo. 1990).

■ In order to be eligible to receive a fee award under 42 U.S.C. § 2000e–5(k), the plaintiff must be a "prevailing party." The plaintiff may be considered a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir.1978). In this case, it does not appear that defendants dispute that plaintiff has obtained some of the benefits he sought by the suit. It also clearly appears that there is a causal connection between the suit and the fact that plaintiff has in this case obtained relief. The Court finds plaintiff was a prevailing party.

■ The plaintiff's counsel seeks an hourly rate of $235. Defendants contend that a more reasonable rate is $175—$200 per hour, which should be applied against a reduced numbers of hours expended in prosecuting the case on plaintiff's behalf. The United States Supreme Court has held that the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate based on the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart, supra.*

The defendants assert that the total hours claimed by the plaintiff are not reasonable and should not be applied to the applicable hourly rate. They offer the affidavit of J. Andrew Nathan, an attorney practicing in this legal area in Colorado, in support of their position. Nathan concluded after reviewing information, which had been provided to him for review by counsel for defendants, that the hourly rate requested by plaintiff's counsel is excessive. Nathan suggests that an appropriate rate is between $150.00 and $175.00 per hour. He also states that he believes counsel for plaintiff spent unreasonable amounts of time in trial preparation and defending against the individual defendants' motions for summary judgment.

Analysis for this Court to follow in calculating a reasonable fee is based upon guidance found in the Supreme Court's *Hensley* opinion. "First, the court must calculate the lodestar amount, which is comprised of 'the number of hours reasonably expended in the litigation multiplied by the reasonable hourly rate.'" [Citation omitted.] Counsel seeking attorney's fees must keep sufficient time records for a court to determine which hours are reasonably expended on a case. *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983). "When scrutinizing the actual hours reported, the district court should distinguish 'raw' time from 'hard' or 'billable' time to determine the number of hours reasonably expended." *Id.*

Here, plaintiff's complaint, based upon a common core of operative facts, asserted federal claims against the college defendants, as well as individual defendants, along with various pendent state law claims. A number of claims were in fact dismissed by this Court in earlier motion proceedings. Certain caselaw suggests that a prevailing plaintiff's fee should not always be awarded where state law claims are dismissed or where a court finds that all claims involve the same facts and legal theories. *See e.g., Spulak v. K Mart Corp.,* 894 F.2d 1150, 1160 (10th Cir. 1990) and *Whalen v. Unit Rig, Inc.,* 974 F.2d 1248 (10th Cir.1992).

■ In evaluating whether the lodestar amount should be adjusted when a prevailing party obtains only partial success, the court must consider two questions: (1) whether the claims upon which the plaintiff did not prevail were related to those upon which the plaintiff did prevail; and (2) whether "the plaintiff achieve[d] a level of success that

makes the hours reasonably expended a satisfactory basis for making a fee award." *Stockard v. Red Eagle Resources Corp.*, No. 90–6393, 1992 WL 180131 at *5 (10th Cir. 1992), citing *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–1940. Where a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on litigation as a whole times a reasonable hourly rate may be excessive. *Hensley*, 461 U.S. at 435–436, 103 S.Ct. at 1940–1941. In *Iqbal v. Golf Course Superintendents Ass'n of America*, 900 F.2d 227, 228 (10th Cir.1990), the court approved the use of a percentage reduction in fees to account for partial success on the merits.

■ Reviewing the parties' submissions, the Court finds that the hourly rate requested, $235.00 per hour, is excessive and does not reflect prevailing market rates in the relevant community. The determination of a lodestar amount reflecting those prevailing market rates for attorney services will vary substantially with the underlying facts and circumstances of each case. Plaintiff's counsel has been awarded a substantial hourly for his rate for services and an enhancement reflecting attorney services in an "exceedingly difficult" case "in a politically infused atmosphere." *Hampel v. City and County of Denver*, 886 F.Supp. 760 (D.Colo.1994). In that case the district court noted:

> Plaintiff's counsel, himself an Hispanic, was required by the foregoing factors and others to undertake an unpopular case against powerful opponents in a somewhat closed community. This may very well have an adverse impact on his economic future.

886 F.Supp. at 761. The court went on to determine that the requested hourly fee of $210.00 was reasonable in light of counsel's experience.

Hourly rates average $200.00 per hour for services of experienced litigation counsel have been awarded in other Title VII cases. For example, in *Goodwin v. M.C.I. Comm. Corp.*, Civ. Action No. 94–D–1869, 1996 WL 162275 (D.Colo.1996), Judge Daniel awarded

plaintiff's lead counsel $200.00 per hour. Fees ranging between $180.00 and $220.00 an hour have been awarded by Judge Weinshienk in *Gormley et al. v. Phillip Lowery et al.*, Civ. Action No. 91–Z–1331 (D.Colo.1994).

This case was not an exceeding difficult case. The Court finds that the hourly rate for attorney's services should be reduced to $200.00 per hour. A $200.00 per hour rate is reasonable and within the range of hourly rates charged in the relevant community for this type of litigation. The Court finds that the appropriate hourly rate for plaintiff's attorney in this case is $200.00 per hour.

■ A consideration of the total time spent in prosecution of the case by plaintiff's counsel is required. Plaintiff seeks compensation for 542.75 hours spent on the case up to September 27, 1996, and pursuant to his supplemental submission filed November 25, 1996 and his oral request at the hearing, also seeks compensation for an additional 56.7 hours spent in connection with the case after September 27, 1996.[1] At the hearing, counsel for plaintiff also indicated that his original petition for fees included charges for 11 hours, reflected in the entries of August 29, 1996 and August 30, 1996, responding to the individual defendants' request for attorney's fees. Counsel conceded these hours are not properly chargeable to the remaining defendants. Thus, the total hours for which plaintiff's counsel seeks compensation is 586.7 hours. All hours were expended and fees incurred between February 15, 1995, when plaintiff first had his initial consultation with counsel, and November 26, 1996, the date of the hearing on post-trial motions. The Court finds that an adjustment to the total time, 586.7 hours, is appropriate in this case. While the case has had a long life, it has not presented exceptionally unique or complex legal issues. This Court dismissed the majority of plaintiff's claims in its order on the dispositive motions, leaving only the Title VII retaliation claim for trial. The trial itself was not particularly lengthy or complex.

---

1. Counsel's supplemental submission stated he had worked an additional 50.7 hours, and at the hearing he also sought compensation for time

spent in court on November 25, 1996 (4.5 hours) and on November 26, 1996 (1.5 hours)

The Court has reviewed the plaintiff's petition for attorney's fees and notes that an unusually high amount of time is billed for matters itemized as "telecon" or "office conferences" with plaintiff Thornton. A total of 72.05 hours is billed for this purpose alone. This does not include an additional 217 hours spent in time that has been itemized throughout the billing statements as "Office Conference with Thornton; trial preparation." The billing statements also disclose that approximately 42.15 hours were spent actually attending depositions of plaintiff and other individuals, including Skougstad, Frontczak, Foster, Kaplan, Brown, Parker, Holbrook, Scott, Chute, Dehning, Pollart, Geisler, Hess, Brougham, and Pacey. Approximately 38.75 hours are itemized as time spent in court during the jury trial. The billing statements indicate that approximately 166.45 hours were spent doing research, preparing and reviewing documents and various pleadings. Approximately 9.05 hours were billed for attending meetings, telephone calls with others, and certain court appearances. Roughly 40 hours were spent on miscellaneous matters that are not included in the above notations.

It appears that plaintiff Thornton has required extensive personal involvement and consultation with his attorney during the preparation and handling of his case. While it is commendable that counsel is able to work so closely with his client on a continued basis over an extended period of time, the Court finds that the time so spent is excessive and should not be utilized in computing the lodestar amount to which counsel may be entitled. The Court believes that the time included for trial preparation is excessive, considering the unexceptional, non-complex nature of this case. Nearly 49% of the total hours expended are for time spent in office and telephone conferences and/or trial preparation.

The Court finds total time claimed by counsel for plaintiff, 586.7 hours, is excessive and unreasonable. The Court has determined that it will reduce the compensable hours to adjust for the general degree of success in this case by plaintiff and to eliminate hours that are excessive and not reasonable in the Court's view. Although it is difficult to determine how much an appropriate reduction should be, the Court finds that the compensable hours should be reduced 20%. Stated differently, that the 586.7 hours for which counsel seeks compensation should be reduced a total of 117.34 hours, leaving 469.36 compensable hours. This 20% reduction is intended to account for the excessive time spent by counsel with his client and in trial preparation. Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees in the lodestar amount of $93,872.00 (586.7 hours reduced by 20%, for 469.36 compensable hours times $200 per hour).

The Court further finds that counsel for plaintiff is not entitled to the suggested enhancement of the lodestar amount proposed in the fee application, $31,886.56. While counsel for plaintiff performed well and in a workmanlike manner, achieving favorable results for his client, the plaintiff's case is not such that it lends itself to an enhancement award. The case presented straightforward legal questions and issues and required straightforward factual development at trial. The case did not present novel or complex issues; it did not present issues that required unusual or special expertise on the part of counsel.

The United States Supreme Court in *Hensley, supra,* stated that exceptional success in a case may justify an enhanced fee award. 461 U.S. at 434–435, 103 S.Ct. at 1940. The concept of "exceptional success" is discussed in *Ramos v. Lamm,* 713 F.2d at 557, and is characterized as a genius bonus. *Id.* There the court stated:

"Exceptional success" justifying an enhanced fee may be based upon the performance of counsel—for example, victory under unusually difficult circumstances or with an extraordinary economy of time—or upon the result achieved—total victory or establishment of significant new law.

We do not discount the possibility that in a particular case the plaintiff's lawyers may have performed so brilliantly that extraordinary compensation is warranted. But we think that this genius factor diminishes and eventually disappears as the

number of hours expended on the case increases. A brilliant idea may shortcut one aspect of the case and save many hours, but in protracted litigation a lawyer is also likely to pursue blind alleys and expend many unproductive hours. In a case such as the one at bar, in which more than 9000 hours were reported, we do not believe that any adjustment for extraordinary performance could be warranted. We also believe that the greater the number of attorneys involved on a side, the less likely it is that an extraordinary performance bonus is appropriate. Here the plaintiffs utilized 12 attorneys, 5 of whom expended more than 200 hours. In such a case it is unlikely that the genius of one lawyer will so affect their case that a bonus would be warranted. Furthermore, in awarding a genius bonus the district court should take care not to duplicate the skill reflected in the attorney's billing rate. Thus, we believe that bonuses or multipliers of the normal fee because of the extraordinary skill of counsel should be rarely awarded, and should be confined to cases in which the bulk of the work was done by a single attorney who exhibits extraordinary skill or to cases in which the work was done well in a relatively short time given the complexity of the task.

Another enhancement factor often mentioned is the undesirability of the case. Because civil rights cases now comprise a large part of all federal trial and appellate litigation, a significant portion of the bar is regularly participating in civil rights litigation; thus, no real stigma remains associated with these cases. Situations in which great courage is required to undertake a case, like that confronting the fictional lawyer in To Kill a Mockingbird, may still exist. But a bonus for the social stigma assumed by a lawyer participating in civil rights litigation should be rarely given. *Id.* This is not a case where a fee enhancement is warranted. The Court finds that an enhancement is not appropriate in this case and the plaintiff's request for an enhancement will be denied.

Accordingly, in accordance with the foregoing, it is therefore

**ORDERED** that plaintiff's Petition for Attorney's Fees shall be, and is, **GRANTED.** It is further

**ORDERED** that plaintiff shall be, and is, entitled to recover of the defendants his costs and attorney's fees in the lodestar amount of $93,872.00.