**Kent LASELLE, et al., Plaintiffs,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, et al., Defendants.**

**No. 96–WY–1911–CB.**

United States District Court, D. Colorado.

Sept. 2, 1997.

---

Todd J. McNamara, Denver, CO, for plaintiffs.

Charles W. Newcom, Denver, CO, for defendants.

### ORDER ON MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST

BRIMMER, District Judge.

This matter is before the Court on Plaintiffs' motions seeking attorneys' fees and prejudgment interest. The Court FINDS and ORDERS as follows:

## Background

Plaintiffs, former employees of Defendant Public Service Company, brought suit against their former employer alleging violations of the Employment Retirement Income Security Act ("ERISA"). Trial was to the Court, which found that Plaintiffs were entitled to severance of $1,578,019.20. The Court has already ordered that Plaintiffs be awarded their attorney fees and prejudgment interest. Only the reasonableness of the attorney fees requested by Plaintiffs and the appropriate rate of prejudgment interest remain to be determined.

## Analysis

### I. Attorneys' Fees

■ The starting point for determining an award of attorneys' fees is the "lodestar" amount, which is equal to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The party seeking the award has the burden of persuading the Court that the hours expended and the rate sought are both reasonable. *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir.1987).

In this action, Plaintiffs claim their base lodestar amount is $227,152.00.[1] In any event, Plaintiffs claim no more than a 10% reduction, to $204,568.65, is warranted. Defendants claim Plaintiffs' reasonable fees are no more than $154,504.50.

### A. The Reasonable Hourly Rate

■ The reasonable hourly rate is calculated by examining the prevailing market rates of the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). Hence, in setting a rate of compensation for the hours reasonably expended, the Court should consider what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). If the lawyer seeking the fee is in private practice, his or her customary rate is a relevant but not conclusive factor. *Id.*

Several attorneys and a paralegal with hourly rates ranging from $60.00 to $210.00 worked to varying degrees in litigating this action. Defendants challenge the rates of all those involved.

■ Todd McNamara and Margaret Funk were the principal attorneys in this case. McNamara seeks hourly rates of $165.00 and $210.00, depending on when he performed the accompanying services. He has been practicing law for approximately seventeen years, and has substantial employment litigation experience. Defendant acknowledges that McNamara has some experience in employment litigation, but claims neither his experience nor the market justify his sought after rate.

Plaintiffs and Defendant both have submitted expert affidavits in support of their respective claims. The Court has reviewed those affidavits and the accompanying reports, and concludes that McNamara's rates of $165.00 and $210.00 are reasonable rates for an attorney possessing similar skills and practicing in the relevant market. In this regard, the Court notes that McNamara's hourly rates are comparable to rates awarded by other Courts in this district. For example, in *Gormley v. Lowery*, Civ. Action

---

1. The following is a breakdown of Plaintiff's claimed lodestar amount:

| Attorney/Paralegal | Claimed Hours | Claimed Rate | Total |
|---|---|---|---|
| Todd J. McNamara | 201.40 | $165.00 | $ 33,231.00 |
| | 405 | $210.00 | $ 85,050.00 |
| Margaret B. Funk | 743 | $110.00 | $ 81,730.00 |
| Charles F. Eddings | 12.1 | $ 90.00 | $ 1,089.00 |
| Mark E. Brennan | 109.50 | $175.00 | $ 19,162.50 |
| Brenda P. Couzart | 23.70 | $ 60.00 | $ 1,422.00 |
| | 72.90 | $ 75.00 | $ 5,467.50 |
| | 1,567.6 | | $227,152.00 |

This chart has been modified from Plaintiffs' own to reflect assumed mathematical errors in McNamara's and Couzart's total fee calculations.

No. 91–Z–1331 (D.Colo.1994), Judge Zita Weinshenk awarded attorneys' fees to plaintiff's counsel at their hourly rates of $220.00 and $180.00. In *Goodwin v. M.C.I. Comm. Corp.*, Civ. Action No. 94–D–1869, 1996 WL 162275 (D.Colo.1996), Judge Wiley Daniel awarded plaintiff's lead counsel $200.00 an hour. In *Hampel v. City & Co. of Denver*, 886 F.Supp. 760 (D.Colo.1994), Judge John Kane found that $210.00 was a reasonable hourly rate. And in *Thurmond v. Secretary of Veterans Affairs*, Civ. Action No. 95–WY–2065 (D.Colo.1996), this Court concluded that an attorney's hourly rate of $205.00 was reasonable.

■ Funk, McNamara's associate, seeks an hourly rate of $110.00. She has practiced law for three years, and in that period has concentrated her practice in the area of employment law. She participated extensively both in the preparation of the case for trial and the presentation of the case to the Court, and in both respects her performance was superior. Thus, the Court concludes her hourly rate of $110.00 is reasonable.

■ In the course of the litigation, McNamara employed two contract attorneys: Charles F. Eddings and Mark E. Brennan. Eddings' work on the case consisted of only 12.1 hours and involved the performance of routine legal duties. The Court concludes that his hourly rate of $90.00 was reasonable.

■ Brennan's involvement was more substantial. He contributed 109.5 hours of work at an hourly rate of $175.00. He is an experienced attorney and formerly was employed by the Equal Employment Opportunity Commission as a senior trial attorney. Defendant argues that Brennan's rate should be reduced because McNamara paid Brennan substantially less than the rate at which McNamara charged Plaintiffs for Brennan's time. Both logic and economics, however, dictate that overhead and other expenses preclude any attorney from receiving his or her full hourly rate as compensation. The Court finds Brennan's hourly rate is reasonable.

■ Defendant also challenges the $60.00 and $75.00 hourly rates of Brenda Couzart, McNamara's paralegal. In this respect, Defendant suggests a more "appropriate" hourly rate of not more than $35.00 should be awarded. The Court, which in *Thurmond* approved an hourly rate of $75.00 for the paralegals involved therein, concludes that Couzart's hourly rates likewise are reasonable.

## B. The Reasonable Number of Hours Expended

Plaintiffs seek compensation for 1,567.6 hours of attorney and paralegal time in this matter. Defendant raises numerous challenges regarding the reasonableness of these hours. The Court considers these arguments in turn.

Relying on *Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.2d 313 (9th Cir.1993), Defendant argues that Plaintiffs are not entitled to recover any fees related to their administrative appeal. In *Cann*, a panel of the Ninth Circuit Court of Appeals held that ERISA's attorneys' fees provision did not permit recovery for fees incurred in the administrative phase of the proceedings. *Id.* at 316. That Court reasoned that when Congress in the past had intended to provide for the recovery of attorneys' fees in an administrative proceeding, it had specifically so designated by allowing recovery for fees incurred in an "action or proceeding." *Id.* (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61, 100 S.Ct. 2024, 2029, 64 L.Ed.2d 723 (1980)). In comparison, the plain language of ERISA permitted recovery only for fees incurred in an "action." *Id.* at 315; *see* 29 U.S.C. 1132(g)(1).

■ The Court finds this reasoning persuasive, and agrees with Defendant that Plaintiffs are not entitled to recover attorneys' fees incurred in prosecuting the administrative phase of the proceedings. The Court disagrees, however, with Defendant's contention that all time spent by Plaintiffs prior to beginning work on the complaint was necessarily time spent working on the administrative appeal. Interviews, consultation, preliminary research, and various additional tasks unrelated to the administrative appeal all can, and generally do, occur before work is commenced on the complaint.

The Court has reviewed the time entries of Plaintiffs' attorneys relating to the administrative appeal and subtracts 79.5 hours from McNamara's time at his $165 hourly rate, 3.50 hours from Couzart's time at her $60 hourly rate, and 5.10 hours from Eddings' time at his $90 hourly rate.

■ The Court further agrees with Defendants that a reduction is appropriate for duplicative work. A review of the relevant time entries reveals numerous instances in which Plaintiffs' attorneys appeared to duplicate other services. Because compensation should be denied for the duplication of services, the Court finds it necessary to subtract 26.5 hours from McNamara's time at his $210 hourly rate, 18 hours from Brennan's time at his $175 hourly rate, and 13.5 hours from Funk's time at her $110 hourly rate.

■ Next, Defendant contends that the approximately 100 hours spent by McNamara and Funk in researching and drafting the complaint are necessarily unreasonable. Given that preparation of the complaint in this matter involved stating the claims of nearly 90 different Plaintiffs under numerous ERISA theories, the Court concludes the time spent on the complaint was reasonable.

■ Defendant also argues that a reduction is appropriate based on Plaintiffs' failure to prevail in their attempt to procure a jury trial. Defendant's argument, however, is premised upon an unwarranted extrapolation of the rule that adjustments may be necessary if a plaintiff fails to prevail on all claims for relief. *See Ramos,* 713 F.2d at 556. The Court is aware of no dispositive authority, and indeed Defendant has cited none, that *requires* a Court to reduce an award because of a plaintiff's loss on a procedural motion involving an unsettled question of law.

Defendant claims that a reduction is necessary because many of the tasks performed by Couzart, McNamara's paralegal, were secretarial in nature and therefore not recoverable. In their reply, Plaintiffs concede that many of those tasks were in fact secretarial, and reduced the number of requested hours from 159.70 to 96.60. The Court has reviewed the time entries and finds that no further reduction is necessary.

■ Lastly, Defendant claims fee reductions are appropriate for excessive time billed per day, time spent pursuing motions for extensions of time, and failure to keep sufficiently meticulous records. The Court concludes that such reductions are not warranted. Furthermore, in extensively reviewing the records, the Court has found them to be sufficient to permit a determination of the tasks performed and the hours expended performing them. *See Ramos,* 713 F.2d at 553 (records sufficient if they reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks).

### C. Attorneys' Fees Award

As described above, Plaintiffs' attorneys' fees request of $227,152.00 must be reduced in the aggregate by $23,986.50 ((121.90 * $165) + (378.50 * $210) + (729.50 * $110) + (7 * $90) + (91.50 * $175) + (20.20 * $60) + (72.90 * $75)), which reflects a reasonable award of $203,165.50.

### D. Fee Enhancement

■ Plaintiffs ask the Court for a 100% fee enhancement. Plaintiffs support this request by directing the Court's attention to the fact that every Plaintiff recovered all the requested relief, and was awarded prejudgment interest and attorneys' fees as well. This, Plaintiffs claim, is an exceptional result justifying an exceptional award. The Court, while recognizing Plaintiffs' successes, nonetheless concludes that a fee enhancement is inappropriate, particularly given the substantial amount of damages recovered by Plaintiffs and the sizable amount of attorneys' fees awarded by this Court today.

### II. Prejudgment Interest

■ In general, prejudgment interest is not awarded according to a rigid theory of compensation for money withheld, but in response to considerations of fairness. *F.D.I.C. v. Rocket Oil Co.,* 865 F.2d 1158 (10th Cir.1989). Although within the trial court's discretion, an award of prejudgment interest is permissible in an ERISA case. *See Lutheran Medical Center v. Contractors Health Plan,* 25 F.3d 616, 623 (8th Cir.1994).

Plaintiffs, in reliance on *Biava v. Insurers Administrative Corp.*, 48 F.3d 1231, 1995 WL 94461 (10th Cir.1995), an unpublished opinion of the Tenth Circuit Court of Appeals, submit in their motion that the proper prejudgment interest rate is determined by state law. Defendant concedes that some circuits have adopted the approach set forth in *Biava*, but claims the better approach is followed by those circuits which use the 52–week Treasury bill rate utilized to calculate postjudgment interest rates as specified in 28 U.S.C. § 1961.

The Court is aware, as Defendant notes, that as an unpublished opinion *Biava* is not binding authority. The Court nonetheless considers it persuasive, and concludes that prejudgment interest in this matter is properly determined by application of Colorado law, which mandates that interest be awarded at the rate of 8% per year compounded annually. C.R.S. § 5–12–102(2). Thus, as set forth in Attachment B to Plaintiffs' Motion for Award of Prejudgment Interest, Plaintiffs are awarded prejudgment interest from their date of termination to the date of judgment at a rate of 8% compounded annually.

### Conclusion

Based on the foregoing, the Court ORDERS that Defendant Public Service Co. pay Plaintiffs $203,165.50 in attorneys' fees and $313,303.49 in prejudgment interest.