**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROGER FRICK,

      Plaintiff - Appellant,

v.

WELLS FARGO & COMPANY, a
Delaware corporation,

      Defendant - Appellee.

No. 02-1535
(D.C. No. 02-WY-136-AJ)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I. *Background*

On January 23, 2002, plaintiff Roger Frick filed this action against his

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

former employer, Wells Fargo & Company ("Wells Fargo"), alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq*. The district court set the case for trial beginning on November 18, 2002. At the May 17, 2002, scheduling conference, the district court entered a scheduling order setting July 10, 2002, as the discovery cutoff and August 1, 2002, as the deadline for filing dispositive motions. The court scheduled a final pretrial conference for September 19, 2002. Wells Fargo moved for summary judgment on August 1, 2002. Mr. Frick failed to file any response to the summary judgment motion, and, on August 26, 2002, the district court entered an order to show cause, requiring a response from Mr. Frick by September 6, 2002.

At this time, Mr. Frick was represented by counsel. On September 12, 2002, however, his counsel filed a motion seeking (1) to withdraw and (2) a continuance of trial. On September 17, 2002, Mr. Frick's counsel filed a response to the order to show cause reiterating his intent to withdraw and again requesting that Mr. Frick be given reasonable time to locate counsel. On September 19, 2002, the magistrate judge held a hearing on the motion to withdraw in lieu of the scheduled pretrial conference. The same day, the magistrate judge entered an order granting the motion to withdraw and continuing various deadlines in the case.

On October 15, 2002, the district court entered an order clarifying the

deadlines applicable to Mr. Frick. In this order, the district court noted that although it had been nearly a month after the hearing on the motion to withdraw, Mr. Frick had neither obtained new counsel nor filed a response to defendant's summary judgment motion. The district court entered an order requiring that new counsel for plaintiff file an appearance and a response to defendant's summary judgment motion on or before November 1, 2002. In this order, the district court clearly indicated to Mr. Frick that failure to do so would be deemed a confession of the pending motion for summary judgment.

In a letter to the district court dated October 29, 2002, Mr. Frick requested additional time to obtain new counsel and to respond to defendant's summary judgment motion. On November 25, 2002, the district court granted defendant's motion for summary judgment. Plaintiff brought this appeal, asserting that the district court erred in failing to grant his October 29, 2002, request for a continuance and in granting defendant's motion for summary judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

II. *Discussion* [1]

   A.    Denial of Continuance

"The denial of a continuance is 'reviewable only under the standard of

---

[1] Because plaintiff represents himself on appeal, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

arbitrary abuse of discretion, upon a showing of manifest injustice.'" *Morrison Knudson Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 n.4 (10th Cir. 1999) (quoting *United States v. Johnson*, 909 F.2d 1440, 1441-42 (10th Cir.1990)). We will not reverse "unless we conclude that the denial was arbitrary or unreasonable and materially prejudiced the appellant." *Id.* (quoting *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987)). When reviewing the denial of a continuance, we consider the following factors:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and 4] the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quotation marks omitted) (alterations in original).

Facing this very deferential standard of review, Mr. Frick fails to address these factors; and, while Mr. Frick is now proceeding pro se, we will not make his argument for him. It is clear from the record that Mr. Frick was given ample opportunity to obtain new counsel, and he simply failed to do so. The district court did not, therefore, abuse its discretion in denying his motion for a continuance.

B.     Summary Judgment

-4-

"We review the grant or denial of a motion for summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236 (10th Cir. 2002). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

We have previously held that before granting a motion for summary judgment, even when the nonmoving party fails to file a response, the district court must consider whether Fed. R. Civ. P. 56 is satisfied. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Under Rule 56(c), the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). Thus, "[s]ummary judgment is not proper merely because [the nonmoving party] failed to file a response." *Reed*, 312 F.3d at 1194. The district court must examine the moving party's submission to "determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to

judgment as a matter of law." *Id.* at 1195. In this case, "[b]y failing to file a response within the time specified, [Mr. Frick] waived the right to file a response and confesse[d] all facts asserted and properly supported in the motion." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002). [2] It remained for the district court to determine whether defendant had carried its Rule 56 burden. The district court specially found that it had, and after examining the parties' submissions, the record, and the relevant law, we are convinced that the district court was correct.

Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). In order to prevail on a Title VII religious-discrimination claim, the plaintiff must show that the defendant intentionally discriminated against him by offering proof "'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of

---

[2] "Although we liberally construe pro se pleadings, [Mr. Frick's] pro se status does not relieve him of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)).

credence.'" *EEOC v. WilTel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996) (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). A plaintiff may also prove religious discrimination by demonstrating that her employer failed to reasonably accommodate her religious practices or beliefs or that her employer subjected her to disparate treatment because of her religious beliefs. *Shapolia v Los Alamos National Laboratory*, 992 F.2d 1033, 1037 (10th Cir. 1993).

Mr. Frick's claim fails under any of these theories of religious discrimination. After reviewing the record, we find no evidence that Mr. Frick's termination was the result of his religious beliefs. Conversely, there is ample evidence in the record that Mr. Frick was terminated for legitimate, nondiscriminatory reasons. Specifically, Mr. Frick was advised that company policy prohibited the distribution of pamphlets in the workplace, yet he continued to distribute them. Other company employees complained about Mr. Frick's conduct, reporting that he interacted with them in an offensive and unprofessional manner. Wells Fargo counseled Mr. Frick about this behavior, but he continued to lose his temper and refer to coworkers in a derogatory manner.

Because Mr. Frick failed to provide evidence to support his religious discrimination claim, and because Wells Fargo provided evidence of a legitimate nondiscriminatory reason for its actions, we affirm the district court's grant of

summary judgment.

III.  *Conclusion*

Based on foregoing reasons, we AFFIRM the district court's order denying Mr. Frick's request for a continuance and granting defendant's motion for summary judgment.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge